SILAS ARMSTRONG ET AL. AGT. WYANDOTTE BRIDGE COMPANY.

*Specific Performance: Pleading: Parties: Widow: Dower: Infants: Guardian.*

1. In an action to enforce the specific performance of a contract, based upon the following certificate, to-wit:

Silas Armstrong et al. agt. Wyandotte Bridge Company.

"No. 312.                          WYANDOTTE CITY COMPANY.

"This certifies that Isaiah Walker is entitled to one share of ten lots (numbered as per record and endorsement), in the city of Wyandotte, situate at the confluence of the Kansas and Missouri rivers, in the Wyandotte purchase, Kansas territory, subject to the condition of improvements, within the city limits, to the value of five hundred dollars per share, within ten months from the date of this certificate; and the Wyandotte City Company is hereby pledged to give a good and valid deed of the same, when all the lots shall have been drawn and the above condition complied with.    Timber reserved.

"WYANDOTTE CITY, Kansas Territory, *July* 8, A. D. 1857.

"W. Y. ROBERTS, Secretary,          SILAS ARMSTRONG, President."

and assigned to the Wyandotte Bridge Company.   The petition is fatally defective, in not showing that the condition in the certificate had been performed, in making the improvements within the city limits, within ten months after its date.

2. The administrators, as such, of deceased parties, are not proper parties defendant to such an action.

3. A widow claiming dower, or any other interest in the land, is a proper party defendant.

4. Infants can not be brought into court without personal service, if residents of the territory, or by publication, if non-residents.   They can not appear by attorney, or waive service of process, but must be served, have a guardian appointed, and defend by him.

ERROR from the District Court of the Third Judicial District in and for Wyandotte County.

*By the Court*—PETTIT, C. J.

This is a petition in error to the district court sitting in Wyandotte county.   At the June term of said court for the year 1859, the defendant in error filed a petition against the plaintiffs in error, Silas Armstrong, Josiah Walker, William Y. Roberts, Thomas H. Swope, John McAlphin, Mary A. Walker, administratrix, and Josiah Walker, administrator of the estate of Joel Walker, deceased, and Maria Walker, Justin Walker,

Ida E. Walker and Ernst Walker, minor children, and heirs-at-law of Joel Walker, deceased, and Anna M. Jenkins, sole administratrix of the estate of Gaius Jenkins, deceased, and Mary Jenkins, Emma Jenkins, George Jenkins and Catherine Jenkins, minor children, and heirs-at-law of Gaius Jenkins, deceased, showing that the first five named defendants, together with the two deceased persons above named, in December, 1856, formed an association for the purpose of purchasing lands, laying out the city of Wyandotte, selling the lots, etc. That in June, 1857, they were perfectly organized by written articles under their hands and seals, acknowledged and, etc., for the same purpose. That they appointed Armstrong, president, Isaiah Walker, treasurer, and John McAlphin, trustee, to receive deeds of lands for the company, and to make deeds to purchasers for lots sold and drawn on shares, and W. Y. Roberts, secretary. That on the 8th day of July, they issued the following certificate, to-wit: "No 312. Wyandotte City Company. This certifies that Isaiah Walker is entitled to one share of ten lots (numbered as per record and endorsement), in the city of Wyandotte, situate at the confluence of the Kansas and Missouri rivers, in the Wyandotte purchase, Kansas territory, subject to the condition of improvements, within the city limits, to the value of five hundred dollars per share, within ten months from the date of this certificate, and the Wyandotte City Company is hereby pledged to give a good and valid deed of the same, when all the lots shall have been drawn, and the above condition complied with.

Timber reserved.    Wyandotte city, Kansas territory, July 8, A. D. 1857.    Silas Armstrong, president, W. Y. Roberts, secretary."    And the same was endorsed as follows : " For value received, I hereby bargain, sell, assign and convey to the Wyandotte Bridge Company, all my right, title and interest in and to the within certificate and share of ten lots in the city of Wyandotte, authorizing said company to use my name in procuring a deed for the same.    July, 1858, Wyandotte city.                    ISAIAH WALKER."

The petition states that the lots were regularly drawn and endorsed in red ink, on the back of the certificate ; that a deed has been demanded of the City Company, and of their trustee, McAlphin ; that it has been refused, etc.    The prayer is, that all the defendants may be required to convey the lots drawn to said certificate of one share.    The record shows that *all* the defendants appeared by their attorneys and waived process, and the adult defendants demurred to the petition, because it does not state facts sufficient to constitute a cause of action.    The briefs show that the demurrer was not argued, as it was the wish and intention of both parties, that it should be determined in this court, and it was a matter of indifference which way it was decided in the district court.    The demurrer was overruled, and the ruling excepted to, and no answer being filed, all of the defendants were decreed to make a deed to the plaintiffs for the lots so drawn and endorsed on the certificates, within thirty days therefrom, and pay the cost.    This petition is brought to reverse this decree.    The petition in the

district court was very loosely drawn, to say the least of it.   It does not show, when Gaius Jenkins and Joel Walker died, whether, before or after the issuing of the certificates, or when administration was granted upon their estates.   It does not show by whom, how, or where the lots were drawn, or by whom they were endorsed on the certificate, in " red ink ;" nor does it show, by any direct allegation, that these lots were a part of any lands purchased by the City Company, for the purpose of their organization, and held by their trustee, McAlphin.   And it has many other defects in form.   But, in substance, it is fatally defective, in not showing that the condition in the certificate had been performed in making the improvements within the city limits, within ten months after its date.   For this, if for no other defect, the demurrer should have been sustained to the whole petition.   It was a condition precedent, and its performance should have been averred.   The administrators, as such, are not proper parties to this bill, and as to them, the demurrer should have been sustained, even if the bill had been good in all other respects.   If the administratrix of the deceased is his *widow*, and as such, is claiming dower, or any other interest in the land, as such *widow*, she could be made a party.   The decree against the infants is erroneous, for other reasons than the defects in the petition above stated.   They were not in court, nor could they be without personal service of residents of the territory, or publication of non-residents.   See Code of 1859, page 92, secs. 77 and 78.   An infant can not appear by attorney, or waive

service of process, but must be served, have a guardian appointed, and defend by him. The code adopts the common law on this subject. See page 87, secs. 39 and 40. The question as to whether the certificate and assignment are such instruments for the conveyance of lands as will warrant a decree of the specific performance, is not, nor can it be before us, until a sufficient petition is filed, and the parties properly brought before the court.

ORDER.—The decree is wholly reversed at the costs of the defendant in error, subsequent to filing the petition, and cause remanded to said district court, with instructions to sustain the demurrer, and give the plaintiff leave to amend the petition; and final judgment here for costs in this court, and execution awarded thereon.